UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
LEVELL GETHERS,                           )
                                          )
       Petitioner,                        )
                                          )
v.                                        )     Civil Action No. 10-11988-RGS
                                          )
GARY RODEN,                               )
                                          )
       Respondent.                       )
_____)

REPORT AND RECOMMENDATION ON
PETITION FOR WRIT OF HABEAS CORPUS

November 14, 2011

SOROKIN, M.J.

The Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Docket # 1. The Respondent opposes the petition. Docket ##10, 19. For the reasons explained below, I RECOMMEND the petition be DENIED.

I.    STATEMENT OF FACTS

The recitation of facts made by the Massachusetts Appeals Court is entitled to the presumption of correctness on habeas review. 28 U.S.C. § 2254(e)(1). The Appeals Court found as follows:

> "Briefly sketched, the defendant and his girlfriend, Melissa Gonsalves, were both heroin users. In the early morning hours of June 12, 2004, they purchased food at a McDonald's drive-through window. As they left the lot after eating, Gonsalves had to use the bathroom. The defendant suggested they rob the McDonald's, stopped the vehicle in the

breakdown lane of the highway near the lot, and shut off the vehicle lights. He took a gun from inside his coat pocket, gave it to Gonsalves and told her "to get the money." She went to the window, held the gun as she told the manager to give her the money, and he handed her the cash from the register. She returned to the vehicle, gave the gun to the defendant, and put the cash on the seat between them. The pair were soon apprehended; Gonsalves told police the defendant told her to commit the robbery.

On cross-examination, defense counsel elicited information from Gonsalves that she had written a letter, previously marked for identification, and moved the letter in evidence. Tr. I 181. Gonsalves testified that the defendant never asked her to write anything. Tr. I 184. On redirect she testified that days after the robbery she was asked to write a letter taking full responsibility for the crime and to mail it to the defendant's mother. She wrote the letter from jail, addressing it "To whom this may concern." On redirect examination she also repudiated the letter, said she wrote it because she would get a lighter sentence if she took the blame, and was offered money, which she did not receive. Tr. I 188–190."

Commonwealth v. Gethers, No. 07–P–1590, 2009 WL 1025158, at *1 (Mass. App. Ct. April 17, 2009)(Rule 1:28 Decision).

II. PROCEDURAL BACKGROUND

On August 12, 2004, a Bristol County grand jury returned an indictment charging the Petitioner with one count of armed robbery in violation of M.G.L. c. 265, § 17, one count of carrying a firearm without a license in violation of M.G.L. c. 269, § 10(a), and one count of possession of ammunition without an FID card in violation of M.G.L. c. 269, § 10(h). Docket #19 at 2. Following a jury trial, on Mary 25, 2006, the Petitioner was convicted on all counts. Id. The Petitioner was sentenced to nine-to-twelve years on the armed robbery charge and four-to-five years on the unlawful possession charge, to run concurrently with the armed robbery sentence. Id. The possession of ammunition charge was placed on file. Id. That same day, the Petitioner filed a notice of appeal. Id.

The Petitioner sought relief on two principal grounds on direct appeal: (1) trial counsel's "dual failures to cross-examine the prosecution's principal witness as to the reward she was

receiving for testifying and to object to the introduction of the witness's hearsay statement inculpating the defendant deprive[d] the defendant of effective assistance of counsel," and (2) the judge "improperly limit[ed] the evidentiary value of a letter from the prosecution's chief witness exculpating the defendant." In his reply brief, the Petitioner added a claim of cumulative error, that the "combined effects of trial counsel and the trial court's errors requires a new trial." Id. Following briefing and argument, on April 17, 2009, the Massachusetts Appeals Court affirmed the Petitioner's convictions. Gethers, 2009 WL 1025158, at *1. The Petitioner then filed an application for leave to obtain further appellate review (ALOFAR), which the Supreme Judicial Court denied on July 9, 2009. Commonwealth v. Gethers, 454 Mass. 1105 (2009).

The Petitioner then moved for a new trial, *pro se*, on June 28, 2010, raising three claims. Id. at 3. The first two claims restated those presented on direct appeal, though adding to the claim of ineffective assistance an additional claim that the Petitioner's appellate counsel was also ineffective, without elaboration. Id. The Petitioner also argued, for the first time, that "the trial court abused it [sic] discretion by refusing to grant a continuance when the defendant could not assist in his own defense or counsel at trial because he was heavily medication." Id. On November 4, 2010, the Petitioner's motion for new trial was denied, and the Petitioner did not appeal from that denial. Id. The Petitioner filed the instant petition for Writ of Habeas Corpus on November 11, 2010. Id.

III.   DISCUSSION

In this petition, the Petitioner asserts the following four grounds: (1) a miscarriage of justice occurred when the trial court judge "improperly limited the evidentiary value" of a letter written by a key prosecution witness (Gonsalves) claiming responsibility for the robbery, Docket

3

##7-1, 18 at 24-27, 19 at 1; (2) trial counsel was ineffective for failing to impeach Gonsalves's credibility by not cross-examining her with respect to "rewards she was receiving for testifying" Docket ##7-1, 18 at 10-15, 18-22, 19 at 1; (3) trial counsel was ineffective for failing to object on hearsay grounds to the admission of that same witness's statement implicating the Petitioner, Docket ##1 at 4, 18 at 15-18, 22-24, 19 at 1; and (4) these errors, viewed together, had the cumulative effect of prejudicing the Petitioner. Docket ##1 at 4, 19 at 1.

The Petitioner cannot obtain federal habeas relief under 28 U.S.C. § 2254(d)(1) unless he can show that the Massachusetts courts' decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A legal principle is "clearly established" within the meaning of this provision only when it is embodied in a holding of the United States Supreme Court. Thaler v. Haynes, 130 S.Ct. 1171 (2010) (citing Carey v. Musladin, 549 U.S. 70, 74 (2006); Williams v. Taylor, 529 U.S. 362, 412 (2000)).

The "contrary to" prong is satisfied when the state court "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," Taylor, 529 U.S. at 405, or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different] result," Id. at 406. The "unreasonable application" prong is satisfied if the state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Moreover, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must

4

also be unreasonable." Id. at 411.

    1.    <u>Improper jury instruction</u>.

The Petitioner's first claim is that the trial judge improperly instructed the jury regarding the letter, written by Gonsalves, and admitted into evidence. Defense counsel did not object to the jury instruction. When "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred." <u>Obershaw v. Lanman</u>, 453 F.3d 56, 67-68 (1st Cir.2006) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)). "[A] state court's finding that a claim is forfeited due to a failure to object at trial . . . constitutes an independent and adequate ground 'so long as the state court consistently applies its contemporaneous objection rule and has not waived it in the particular case by basing the decision on some other ground.'" <u>Glacken v. Dickhaut</u>, 585 F.3d 547, 551 (1st Cir.2009)(quoting <u>Lynch v. Ficco</u>, 438 F.3d 35, 45 (1st Cir.2006)). Moreover, "[w]e have held, with a regularity bordering on the monotonous, that the Massachusetts requirement for contemporaneous objections is an independent and adequate state procedural ground, firmly established in the state's jurisprudence and regularly followed in its courts." <u>Janosky v. St. Amand</u>, 594 F.3d 39, 44 (1st Cir.2010).

The Appeals Court did not waive the contemporaneous objection rule in the instant case, rather it applied the rule. <u>Gethers</u>, 2009 WL 1025158, at *1. The fact that the Appeals Court, after acknowledging defense counsel's failure to object, went on to review the claim to determine whether there is a substantial risk of a miscarriage of justice, "does not constitute a waiver of the requirement that the defendant timely object." <u>Obershaw v. Lanman</u>. 453 F.3d 56, 68 (1st

5

Cir.2006).[1] See also Tart v. Commonwealth of Massachusetts, 949 F.2d 490, 496 (1st Cir.1991)(internal citations omitted)("The mere fact that a state appellate court engages in a discretionary, and necessarily cursory, review under a 'miscarriage of justice' analysis does not in itself indicate that the court has determined to waive an independent state procedural ground for affirming the conviction. . . . We will not infer waiver of a contemporaneous objection rule unless the state appellate court has made it reasonably clear that its reasons for affirming a conviction rest upon its view of federal law").

Further, "[t]he default may be excused, and the bar to federal habeas review removed, only in certain circumstances: where the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Obershaw v. Lanman, 453 F.3d 56, 68 (1st Cir.2006)(internal citations omitted). The Petitioner has demonstrated neither cause for the default, nor actual prejudice resulting therefrom. In his petition, the Petitioner acknowledges both that defense counsel did not object to the instruction, and that the claim would therefore be reviewed to determined whether it created a substantial risk of a miscarriage of justice. Docket #18 at 26. The Petitioner argues that a substantial risk of a miscarriage of justice was created, but fails to recognize that the claim is procedurally defaulted. As a result, the Petitioner does not set forth either cause for the default or actual prejudice

---

[1] The fact that the review by the Appeals Court in this case was for a substantial "risk" of a miscarriage of justice as compared to the "substantial likelihood" standard referenced in Obershaw v. Lanman, 453 F.3d 56, 67-68 (1st Cir.2006), is of no consequence with respect to this issue of procedural default. See, e.g., Tart v. Commonwealth of Massachusetts, 949 F.2d 490, 496 (1st Cir.1991)(applying same analysis with respect to "substantial risk of a miscarriage of justice" standard).

resulting therefrom, making only a general argument that his counsel's overall ineffectiveness prejudiced the Petitioner because absent counsel's errors the result would have been different. Docket #18 at 27-29. The Petitioner's argument on this claim is insufficient. This claim is procedurally defaulted and federal habeas review is barred.

2. Claims pertaining to ineffective assistance of counsel.

To succeed on a claim of ineffective assistance of counsel, the Petitioner must establish "(1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance resulted in prejudice to the applicant." West v. United States, 631 F.3d 563, 567 (1st Cir.2011)(citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

The Petitioner argues first that trial counsel was ineffective for failing to impeach Gonsalves's credibility by not cross-examining her about rewards to she hoped to receive by testifying. Docket #18 at 10-15, 18-22. The Appeals Court noted that the Petitioner raised this claim for the first time on direct appeal, which approach is "strongly disfavor[ed]." Gethers, 2009 WL 1025158, at *2 (quoting Commonwealth v. Zinser, 446 Mass. 807, 809 n.2 (2006)). The Petitioner's claim of ineffective assistance therefore could be resolved only if "the factual basis of the claim appears indisputably on the trial record." Id. The Appeals Court went on to conclude that this impeachment evidence had already been elicited by the prosecutor, and that "[i]n any case, the failure to impeach a witness generally is not the basis for a claim of ineffective assistance." Gethers, 2009 WL 1025158, at *2.

The Appeals Court's decision was not contrary to, or an unreasonable application of, clearly established federal law. The Appeals Court applied the standard for determining claims of ineffective assistance of counsel as articulated in Commonwealth v. Saferian, 366 Mass. 89

7

(1974). The First Circuit has held that "for habeas purposes, Saferian is a functional equivalent of Strickland," Malone v. Clarke, 536 F.3d 54, 63 (1st cir.2008)(quoting Ouber v. Guarino, 293 F.3d 19, 32 (1st Cir.2002)). The state court therefore did not apply a rule contrary to clearly established federal law. Further, the Appeals Court's application of the law was not an unreasonable one: the benefits the prosecution's witness hoped to receive from testifying had already been "elicited by the prosecutor," Gethers, 2009 WL 1025158, at *2, and it was neither an unreasonable application of nor contrary to federal law for the Appeals Court to conclude no ineffective assistance of counsel occurred from a tactical decision by defense counsel to instead explore different avenues for attacking the witness's credibility, which counsel did. Docket #19 at 20. Even if trial counsel's actions were unreasonable, the Petitioner has shown no prejudice resulting therefrom given that the testimony the Petitioner claims should have been elicited was cumulative of that which had already been stated on direct examination.

Second, the Petitioner argues trial counsel was ineffective for failing to object to the admission of a prior statement made by Gonsalves's, implicating the Petitioner. On direct examination, Gonsalves was asked whether she made a statement to the police on the night of the Petitioner's (and her) arrest. She responded in the affirmative, and the Assistant District Attorney asked, "What did you tell them?" She responded, "I told them that he told me to do it." The Assistant District Attorney then asked, "When you say he told me to do it, who are you referring to?" The witness responded, "Levell Gethers." Tr. I:175. On appeal, the Commonwealth conceded that the statement is inadmissible hearsay. Docket #19 at 21. The Appeals Court concluded that because the statement was "cumulative of other, admissible evidence to the same effect, the defendant suffered no prejudice. . . . Because any error did not

8

create a substantial risk of a miscarriage of justice, there is no basis for an ineffective assistance of counsel claim." Gethers, 2009 WL 1025158, at *2. That conclusion is also not an unreasonable application of that clearly established federal law because the Petitioner has failed to show that the Petitioner was prejudiced by counsel's failure to object. Instead, the hearsay statement was cumulative of other, admissible evidence – both physical and testimonial – demonstrating the Petitioner's role in the crime. Docket #19 at 23. Specifically, there was other evidence of the Petitioner's instigation of the robbery, Tr. I:167, 170-171, 177-178, possession of the proceeds immediately afterwards (although there is also an inference that Gonsalves possessed proceeds), Tr. I:114-16, 146-48, 174, and participation as the driver. Tr. I:88-97, 113. Thus, the claim is without merit.

3. Cumulative error.

Finally, the Petitioner claims that "a combination of trial counsel's ineffective assistance and the trial court's erroneous instruction to the jury prejudiced the defendant or created a substantial risk of a miscarriage of justice." Docket #1 at 4. The Petitioner does not discuss this claim in his supporting Memorandum of Law, and the Appeals Court did not address it. The Respondent also argues that the Petitioner failed to provide any citation to federal law in support of this claim either before the Appeals Court, or in his ALOFAR, and that the claim is therefore unexhausted. Docket #19 at 24-26. Thus, the Petitioner fails to carry his burden on this claim. Even assuming this claim to be properly before this Court, none of the Petitioner's individual claims is meritorious, and a claim based on cumulative error is therefore likewise unavailing.

III. CONCLUSION

For the foregoing reasons, I RECOMMEND that the Court DENY the Petition for Writ of

9

Habeas Corpus (Docket #1).[2]

                                                                                       /s / Leo T. Sorokin  
                                                                                      UNITED STATES MAGISTRATE JUDGE

---

[2] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).